IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>HECTOR DE LA ROSA,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:21-CR-221 -TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Review of Magistrate Judge's Order of Detention. For the reasons discussed below, the Court will order Defendant detained pending trial.

I. BACKGROUND

Defendant is charged in an Indictment with three counts of Hobbs Act robbery, three counts of violating 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm. These charges stem from Defendant's alleged involvement in three convenience store robberies that all occurred within the same week in January 2020. It is alleged that Defendant brandished a firearm during at least some of these robberies. The Magistrate Judge conducted a detention hearing on June 1, 2021. The Magistrate Judge ordered Defendant detained, concluding that he was an unmanageable risk of non-appearance and a danger to the community. Defendant now seeks review.

1

## II.  DISCUSSION

The Court considers Defendant's request for a review of the Magistrate Judge's order of detention under 18 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).  The Court conducts its own *de novo* review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[1]  In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[2]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142.  Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[3]

In certain cases, however, the presumption shifts.  Section 3142(e)(3)(B) dictates that,

> "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense under section 924(c) . . ."

In this case, Defendant is charged under § 924(c).  The Indictment constitutes probable cause that Defendant participated in the acts alleged.[4]  Therefore, detention is presumed.

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] 18 U.S.C. § 3142(b), (c), and (e).

[4] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[5]

Defendant points to his acceptance to the Odyssey House residential treatment program as evidence that he has overcome the presumption of detention. While Defendant's burden is not heavy, under the circumstances presented here the Court concludes that Defendant's acceptance into inpatient treatment is not sufficient to overcome the presumption of detention. As the Magistrate Judge aptly stated: "It is just not clear how drug treatment would prevent Mr. De la Rosa from engaging in additional criminal conduct, such as robbery and flight from police; drug treatment seems too disconnected from the underlying problem to effectively manage the problem."[6] Therefore, the presumption of detention has not been rebutted in this case.

Even if the Court concluded that Defendant had met his burden, the decision would be the same. If the presumption is overcome, it still remains a factor for consideration. To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence. . . or involves a . . . firearm . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

---

[5] *Id.* at 1354–55.

[6] Docket No. 18, at 4.

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[7]

Considering these factors, detention is required. The alleged offenses are serious and, as stated, carry a presumption of detention. Defendant is alleged to have committed robberies of three convenience stores during a week's time. During the robberies, either Defendant or his companion allegedly brandished weapons and/or threatened cashiers. During the third robbery, Defendant was linked to a stolen car. When Defendant was arrested, he was in a stolen car and engaged in a lengthy police chase where he crashed into multiple cars. Defendant then continued to flee on foot until caught. A black handgun was found in the stolen vehicle.

The weight of the evidence appears strong. The government indicates that it has statements from victims, video surveillance, and witness statements. Additionally, Defendant was arrested in the same clothing worn in the robberies and a firearm was located in the stolen car he was driving.

Defendant's history and characteristics also favor detention. Defendant has a lengthy juvenile criminal history that has continued into adulthood. Defendant has prior adult convictions for DUI, receiving stolen property, possession of drug paraphernalia, failure to stop at the command of police (two convictions), attempted theft by receiving stolen property, interfering with arresting officer, wrongful appropriation, use or possession of drug

---

[7] 18 U.S.C. § 3142(g).

4

paraphernalia, and giving false information (two convictions).  Defendant has pending charges for failure to stop at the command of a police officer and accident involving property damage.  Defendant has a history of fleeing from police, failing to appear in court, and failing to comply with orders from courts and probation.  In addition, the alleged offenses occurred just weeks after Defendant was released from the Salt Lake County Jail, while he was on probation.  He has no stable residence, few employment opportunities, and a history of substance abuse.

Finally, Defendant's alleged acts here, his prior convictions, and his pending state-court charges all demonstrate that he poses a danger to the community should he be released.  All of these factors demonstrate that Defendant is both a risk of flight and a danger to the community.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Magistrate Judge's Order of Detention (Docket No. 21) is DENIED.  Defendant will remain detained pending trial.

DATED this 22nd day of June, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge